

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

**FILED**
JUN 23 2026
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

SK

-----------------------------------------)

| | |
|---|---|
| ANDREW MAROWITZ, | ) CIVIL ACTION NO. CV26-06283 |
| Plaintiff, | ) **1. VIOLATION OF CIVIL RIGHTS 42U.S.C. 1983 (UNCONSTITUTIONAL CONDITION DOCTRINE)** |
| Vs. | **2. VIOLATION OF CIVIL RIGHTS 42 U.S.C. AMENDMENT NON CONSENTUAL AND UNWARRANTED SEARCHES)** |

THE CITY OF BERKELEY,

THE STATE OF CALIFORNIA,

DOES 1-20 INCLUSIVE

    Defendants

**3. VIOLATION OF CIVIL RIGHTS 42 U.S.C. 1983 (GOVERNMENT TAKING UNDER THE FIFTH AMENDMENT AND THE RIGHT TO EXCLUDE GOVERNMENT)**

**4. VIOLATION OF CIVIL RIGHTS 42 U.S.C. 1983 (FIFTH AMENDMENT RIGHT TO EXCLUDE THE GENERAL PUBLIC AND GOVERNMENT AND SUBSTANTIVE DUE PROCESS)**

**5. VIOLATION OF CIVIL RIGHTS 42 U.S.C. 1983 (FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS FOR THE DEFENDANT CITY OF BERKELEY STAFF FAILING TO PROVIDE A FAIR AND IMPARTIAL HEARING AND A FAIR AND IMPARTIAL TRIER OF FACT)**

i

**6. A VIOLATION OF CIVIL RIGHTS 42U.S.C. 1983 (MUNICIPAL LIABILITY –MONELL)**

**JURY TRIAL DEMANDED**

## ORIGINAL COMPLAINT

Plaintiff, Andrew Marowitz, acting in Pro Per, brings this action for declaratory relief and damages under 42 U.S.C. Section 1983, for deprivation of civil rights granted, protected, and guaranteed under the United States Constitution, more specifically under the Fourth Amendment for unreasonable search and seizure laws, as well as the Fifth Amendment of the United States Constitution for a property owners right to exclude government from his private property, and under the Fourteenth Amendment of the United States Constitution for both Procedural and Substantive Due Process **deprivations.**

This case is brought pursuant to 42 U.S.C. §§ 1983, and California state law. Federal jurisdiction is based upon 28 U.S.C. §§ 1331,1343 (a)(1-4). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(a).

## INTRODUCTION

2

1.   This is an action brought by Plaintiff for deprivation of Civil Rights for argues acts of Unreasonable Searches of Plaintiff's private property and seizure of evidence upon such unreasonable searches.

Defendant's acts are in violation of the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, and any other cause(s) of action that can be inferred from the acts set forth herein.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to U.S.C. Section 1331, which confers original jurisdiction upon this Court for actions that arise under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights and (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; 42 U.S.C. §§ 2000e et seq., as amended

3.   The Court's supplemental jurisdiction is invoked to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this Court in as much as all of the material events and proceedings complained occurred in this judicial district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendant maintains offices and conducts business in this district.

## PARTIES

5.   The Plaintiff, Andrew Marowitz, is a person who is and has been  aggrieved by the Defendant's actions and conduct. He is, and has been , at all relevant times, a resident of the City of Berkeley, the County of Alameda, the State of California, and the United States of America.

6. The Defendant, City of Berkeley, is a municipality, and is located in, and conducts governmental business and proceedings in the County of Alameda, the State of California, all of which are located in the United States of America.

7.   The Defendant, State of California, is the government of the State of California, and is located within the jurisdiction of the United States of America, and is has a local office and conducts business and proceedings within the County of Alameda, the State of California,, and the United States of America.

8. The Doe Defendants inclusive are currently unknown to the Plainitff, and may be named as defendants, if and as their identities become relevant and known to the Plaintiff.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9.  Pursuant to 42 United States Code Chapter 42, Section 1983, for deprivation of civil rights, there is no requirement of exhaustion of administrative remedies.

10.   However, the Plaintiff did, in fact attempt to undergo and exhaust administrative remedies in the municipality of the City of Berkeley, with no satisfaction arising from the Fairness and Impartiality under the Due Process requirements, as well as the adequacy of the opportunity for sufficiency of the Due Process afforded to the Plaintiff.

4

## STATEMENT OF FACTS

11.  Plaintiff, Andrew Marowitz, is a property owner in the City of Berkeley, and resides as a sole occupant at said property, commonly described as 1615 Fairview St. (#4), Berkeley, CA 94703. He has been the sole occupant since 2021.

12. The subject property ,historically, was first a single family home, then was sub-divided , and sub-divided again, It is currently classified as a four unit building.

13. Due to Plaintiff's personal preferences, arising from overwhelming  and onerous control  of his property by local and state governmental laws, Plaintiff cannot stomach/ stand being a rental property housing provider. He believes being a landlord is a most terribly victimizing scenario; that the rental income is not worth the aggravation, headaches, and legal traps.

14.  Plaintiff has inquired and made effort to restore his property back to a single family dwelling, but both local ordinance and state law disallows/ forbids it, as a reduction of rental housing to the public interest.

15. In 2021, Plaintiff officially discontinued his registered rental business with the City of Berkeley business tax office, stating his business license would not be renewed, and announced termination of his rental business.

16. In 2021, Plaintiff  officially reported to the Berkeley Rent Stabilization Board that he was no longer making available Units #1, #2, and #3, and that they would remain vacant, as legislatively provided for in the BRSB Sub-Ordinances.

17.  As such, the Plaintiff has lived as the sole occupant in his property for in excess of six years, peacefully, and with minimal interference from government.

18.  Then, in November 2022, the City of Berkeley enacted an Empty Homes Tax, and in July 2023,billed the Plaintiff an obscene amount of vacancy tax/fee of $18,000. The Plaintiff was required to prove that he occupied the premises, thereby voiding out the vacancy tax, which was stressful and not simple, because staff failed to update the BRSB records.

19.  Then, in January 2025, the City of Berkeley was, again, imposing yet another City of Berkeley mandate , titled the Exterior Elevated Elements Inspection Mandate,

The EEE mandate , not so coincidentally,  included significant revenue generating fees, including a document fees of $375; a building permit fee of $350 or more, a fee for valuation of work completed, amounting to  hundreds and/ or  potentially thousands of dollars, much of it  benefitting the Building Department of the City of Berkeley. Further, the property owner would be required to pay for the services of an independent third party architect, engineer, or licensed contractor, with a minimum of $1500.00 and up, to inspect the property owner's property

20.  This EEE Inspection Mandate was created by the City of Berkeley in response to the June 16th, 2015 Balcony Collapse, which resulted in several deaths.

21.  The content and language of the EEE Ordinance was created by the City of Berkeley Building Official, and was approved by City Council, in July 2015.

22. The Plaintiff believes, submits, and thereon argues that ,as always, whenever any legislation is enacted, the City of Berkeley and its interests are the first/ top of the pecking order as to benefitting, including authority and control, avoidance of any accountability and liability, and maximization of revenue/taxation, fees and enforcement penalties for non-compliance are invariably structured into such legislation. And the citizens, voters, and taxpayers are the most burdened, as

typical in our authority systems. This EEE Inspection mandate is no different. The taxpayers have little to no say in anything that they are burdened by within such legislation.

23. Then, in September, 2018, the State of California, enacted a copy cat version of the City of Berkeley's EEE Mandate, and added a few additional regulatory impositions.

## FIRST CLAIM FOR RELIEF

## VIOLATION AND DEPRIVATION OF CIVIL RIGHTS UNDER U.S.C. 42, SECTION 1983

## AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF THE UNCONSTITUTIONAL CONDITIONS DOCTRINE

24.    The Plaintiff hereby incorporates prior paragraphs 1 through 23 as if stated here and now.

25.    **The Unconstitutional Conditions Doctrine** holds that the government cannot condition the receipt of a public benefit (like a safety compliance certificate ) on the waiver of a constitutional right, such as the Fourth Amendment right against unreasonable searches. SEE Noonan v. California Coastal Commission(1987) 483 U.S. 825;S.Ct. 86-133; SEE Koontz v. St. Johns River Water Management District (2013) 570 U.S. 595; S.Ct. 11-1447

26. Government Coercion- The government is forcing the owner to surrender a constitutional right (e.g., the right to exclude the state without a warrant) to receive the benefit.

27. Lack of Alternatives- The owner is not offered an alternative path (like a third-party self-certification or a warrant-based review process) to obtain compliance.

28. <u>Severe Penalties</u>- The consequence of refusing the demand is more than just the denial of a specific certificate (e.g., it involves criminal prosecution, disproportionate fines, or property seizure)

29. (REPHRASED from Para. #26)  The State of California  SB 721 and the City of Berkeley  EEE Inspection Mandate forces the Property Owner/ the Plaintiff to hire a 3rd Party architect, engineer, or licensed contractor to inspect their/ Plaintiff's Privately Owned Property, (despite Plaintiff's emphatic objections and protests) these governmental authorities are requiring the Property Owner/ Plaintiff to waive/deprive them/ their/his constitutional rights to exclude the general public AND the {G}overnment  from entering their/Plaintiff's Privately Owned Property, which is protected and guaranteed Constitutional Civil Right, under the Fifth Amendment of the United States Constitution, in order to receive the Safety Certificate as required by SB 721, and the EEE Inspection Mandate.

30. (REPHRASED from Para. #27)  The State of California's SB 721 and the City of Berkeley's EEE Inspection Mandate  fails to provide an alternative path (such as self certification or a warrant based Administrative Inspection  Warrant Application adjudicated by a Court of Proper Jurisdiction), to obtain compliance, while not Depriving/forcing the Plaintiff to surrender his Fifth Amendment Constitutional Right to Exclude all persons AND {G}overnment, to obtain compliance and a Safety Certification(The benefit).

31. (REPHRASED from Para. # 28) The State of California SB721 and the City of Berkeley's  EEE Inspection Mandate states that failure to comply  with the State Law and/ or the Inspection Mandate is more than simple denial of the Safety Certificate. Failure to Comply will result SEVERE ENFORCEMENT, ie.  in daily financial penalties of $100 to $500 dollars per day, building safety liens, and if the

*8*

lien  is unpaid for a period of time, will lead to foreclosure of Plaintiff's Property, resultant cancellation of his Property insurance, leading to cancellation of the mortgage of the property, leading to an all due payment requirement, leading to foreclosure by the mortgage company.

32. Accordingly, the Plaintiff believes, alleges, and thereon argues that the State of California and the City of Berkeley have enacted laws and Ordinances that violate the Unconstitutional Conditions Doctrine, thereby rendering these laws and Ordinances as Unenforceable and Invalid BOTH  On their Face  and As-Applied.

33. The Unconstitutional Conditions Doctrine is made applicable to the State of California and the City of Berkeley by way of the Fourteenth Amendment Due Process Clause.

## SECOND CLAIM FOR RELIEF

## VIOLATION AND DEPRIVATION OF CIVIL RIGHTS UNDER 42 U.S.C. 1983

**AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION FOR VIOLATION OF**

**PLAINTIFF'S FOURTH AMENDMENT RIGHTS AGAINST NONCONSENTUAL AND UNWARRANTED SEARCH AND SEIZURE**

34.  The Plaintiff hereby incorporates prior paragraphs 1 through 33, as if stated here and now.

35.  Plaintiff alleges that the City of Berkeley and City staff refuse to recognize and/ or  comply with Plaintiff's Rights under the Fourth Amendment Civil Rights against government entry upon his Private Property without consent or a warrant,

as required by California Law,as delineated in Code of Civil Procedure Sections 1822.50 through 1822.60.

36. Plaintiff alleges that the City of Berkeley has created the Exterior Elevated Elements Inspection Mandate Program and Set of Protocols,  AND also the State of California , in Senate Bill 721, have BOTH enacted legislation with the deliberate intent of circumventing the inspection warrant requirement, as already judicially addressed in the case precedent-setting case of  Camara v Municipal Court No. 387 U.S. 523, 528-529 (1967), and Marshall v Barlow's  Inc. S. Ct. 76-1143;  436 U.S. 307(1978) ,  addressing both commercial and residential structures and/ or operations.  In their decision, the Supreme Court stated that warrantless inspections were unconstitutional.  Instead of complying with the case law, BOTH Defendants have created duplicative legislation that avoid the precedent-setting case law, and the Fourth Amendment of the United States Constitution, thereby side-stepping/ engaging in an "end-around"/ deprivation of  the mandates of Plaintiff's Constitutional Civil Rights.

37.  Further, the EEE Inspection mandate appears to be in direct conflict with the State of California legislative mandates of Code of Civil Procedure 1822.50 through 1822.60, which  govern **Inspection Warrants** in California. C.C.P. 1822.50 specifically states an Inspection warrant is a written order, in the name of the people, signed by a judge of a court of record, directed to a state or local official commanding  him to conduct any inspection required or authorized  by state or local law or regulation (e.g., building, fire, safety, plumbing, electrical, health, labor, or zoning) when consent is refused. Not only are these co-existing State laws in direct conflict with each other, but that the EEE Inspection Mandate creates an avenue to disregard/ ignore the State laws of CCP 1822.50 et seq. Since the EEE mandate was enacted, not once has the City of Berkeley applied for an

10

Administrative Inspection Warrant, thereby violating the Constitution countless times. Since the creation of the EEE Inspection Mandate, and subsequently , SB 721, presumably, there has been few if any government applications for Administrative Inspection Warrants.

38. The Defendants are expected to argue that SB 721 and the EEE Mandate do not violate the Fourth Amendment or the Administrative Inspection Warrants Protocols under 1822.50 et seq, and provide and address a legitimate public safety concern. However, the case of Marshall v Barlow's 436 U.S. 307 (1978) the United States Supreme Court  addressed that exact subject matter, ie safety concerns as part of Cal OSHA section 8(a) which provided for warrantless inspections for safety concerns. In the Barlow case, the Supreme Court stated that even for inspecting for apparent safety concerns, a warrantless inspection was unconstitutional.

39. The Plaintiff alleges that the Defendants, instead of complying with this protocol as set forth in the Administrative Inspection Warrant procedures, the Defendants, in setting forth the requirements of the EEE Mandate Ordinance, and Senate Bill 721, requiring the Plaintiff and all other property owners, to be forced to assign an undetermined/ unidentified  third party inspector to initiate and execute the/ an inspection service as an quasi-unrelated agent of the City's Inspection Mandate. This EEE Mandate protocol,as well as Senate Bill 721, are inconsistent with the protocols of the Administrative Inspection Warrant, and the Plaintiff submits is/ are thereon Unenforceable, as being in direct conflict with the Warrant requirements.

40. Still further, the Plaintiff believes, submits, and thereon argues that the EEE Inspection Mandate and Senate Bill 721 ,as written, is/ are arbitrary and capricious,

//

from the perspective that it/ they impose(s) accountability on structures with three or more units, yet exempts structures that are one and two units, though having the EXACT SAME EEE violating components above six feet in elevation. It/ They exempts owners with Non Owner Occupied Single Family Residences and Non Owner Occupied Duplexes, but imposes Authority on Triplexes and Fourplexes even those that are Owner Occupied.

41. This inconsistency renders the EEE Inspection Mandate as {A}rbitrary. There is no perfectly reasonable explanation why the EEE Mandate exempts R1 and R2 buildings, while arbitrarily electing to impose the Mandate  EEE on elements over 6 feet as an arbitrary height of protection and prevention in R3 buildings, the EEE law exempts the exact same conditions in R1 and R2 structures. If the trier of fact doesn't disagree with this assessment, then EEE should arguably be deemed as capricious as well.

42. The City of Berkeley, and the State of California are expected to state that such distinctions are based on Zoning status, ie R1 is SFR; R2 is a Duplex, and R3 is a triplex or any larger number of multi-unit structures. But, currently, both the State of California and the City of Berkeley are constantly pushing and advocating for increased rental housing density, largely because the State of California has increased such housing needs, based on the homeless migration to California , the illegal immigrant population, and the objective of early release prison population. The State of California, with all of nits governmental power, has created the housing shortage and is now forcing and influencing private property owners to comply with its increased housing agenda and objectives, through yet more laws.

43. Conversely, banks define, classify, and make residential loans for  1-4 units properties, , and define, classify and make commercial loans for five or more units.

44. According to Senate Bill 721, a minimum of 15% of relevant buildings shall be inspected. However, in the City of Berkeley, presumably, ALL of the relevant buildings are subjected to EEE Inspection Mandates.

45. The Plaintiff asserts and argues that what makes this specific issue particularly offensive, repugnant, and oppressive is that despite his building being zoned as a Multi-unit structure/ fourplex, Plaintiff has attempted to request/apply that his building be re-established as a single family residence, as it was decades ago.

46. The Plaintiff ,as the property owner, is the sole occupant of this subject property.

47. Plaintiff refuses to rent out his property, or any part thereof, because being a landlord/ rental property provider is a most horrible profession/ business operator in which he has no control of his business and no possession of his property. He is, effectively, forced to being a victim of his ownership.

48. The governments, both the City of Berkeley and the State of California have created laws that refuse/ forbid/ disallow for this re-conversion . Here, again, this amounts to a form of regulatory taking. based on government's total and complete control, regulation and legislation of his privately owned property. This is yet another glaring representation that we citizens/ private property owners are subjected to the controls, and authority of government. Is this the representation of Freedom? Is this the representation of private property owners having ANY control of their privately owned real estate properties?

49. Additionally, the City of Berkeley, in enacting the EEE mandate have built into this regulatory scheme, a huge multi-layered revenue generating benefit for the City of Berkeley, in the framework of the EEE Inspection Mandate.

13

50. First, the City designed the EEE Inspection Mandate, such that the Property Owner is required to pay the City of Berkeley hundreds , if not multiple thousands of dollars in for processing fees and building permit fees, as well as non-compliance enforcement fees, as well as recertification fees of the same every six years (originally three years).

51. Second, the City of Berkeley mandates that the so-called 3rd party inspector must have a business license in the City of Berkeley in order to be allowed to perform the inspection, thereby the City of Berkeley generates tens of thousands of dollars annually from the inspectors annual business license fees and renewals, AND ALSO pay business taxes on the gross income derived from performing the inspections. Why is it that government always indicates that legislation is never about money, but, invariably, money ALWAYS lurks behind as a secondary agenda? Then, government typically becomes larger and more costly.

52. The Plaintiff believes, submits , and thereon argues that , Paying local taxes (like city business license taxes or local gross receipts taxes) does not automatically make someone an independent contractor. In California, local public agency laws, stipulate that consultants and contractors acting in an advisory or decision-making capacity are deemed agents of the government and are strictly bound by conflict-of-interest regulations.

53. The Plaintiff believes and thereon argues that the Defendants, the City of Berkeley and the State of California are not exempt from strictly adhering to the warrant procedures as delineated in California Statutes Code of Civil Procedure Sections 1822.50 through 1822.60. Interestingly, these relevant statutes fail to delineate the penalties and consequences, if and when the government violates these mandated procedural requirements.

14

54. The Plaintiff believes and thereon alleges that such conduct by the Defendants violate long standing clearly established statutory and constitutional rights and thereon disqualify government employees and entities from being (unreasonably) protected by qualified immunity.

55. The Plaintiff, now 72, as he gets older , wiser, and more jaded, strongly believes, submits, and respectfully argues to this Court, that government is often, if not constantly, toxic to the interests, the freedoms, and the Constitutional Rights of the citizens. And the legislators seemingly represent government, not the citizens, when they draft and enact legislation. And now, SB 721 and the EEE Mandate , using the buzz-word, "safety" has been strategically imposed on the citizens and property owners. It works every time. And so, the legislators ,after time and effort devised a scheme to circumvent the Fourth Amendment and the warrant requirement, by forcing property owners to have a 3rd party inspector to do government's work. And then government states a justification of shortage of manpower and resources to do their own inspections. This is false. It is to circumvent the Fourth Amendment and the warrant requirements.

56. The Plaintiff, Andrew Marowitz, has suffered substantial emotional distress harm, upset, and loss of sleep as a direct result of the City of Berkeley's Negligence, indifference, and willful and callous disregard of Plaintiff's Constitutional Civil Rights. Government has put its proverbial knee on Plaintiff's neck for Plaintiff's entire life. Every aspect/sinew of life has some government law or tax associated with living. Freedom is a hollow, meaningless word.

## THIRD CLAIM FOR RELIEF

## VIOLATION AND DEPRIVATION OF CIVIL RIGHTS UNDER 42 U.S.C. 1983

15

## AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF PLAINTIFF'S FIFTH AMENDMENT RIGHTS AGAINST A GOVERNMENT TAKING OF HIS PRIVATE PROPERTY AND HIS RIGHT TO EXCLUDE GOVERNMENT ENTRY INTO AND ONTO HIS PRIVATE PROPERTY

57.  The Plaintiff hereby incorporates prior paragraphs 1 through 56, as if stated here and now.

58.  The Plaintiff believes and thereon submits and argues that the Defendants failed to apply for an Administrative Inspection Warrant, as required by law.

59. The Plaintiff believes and thereon alleges and argues that he holds Constitutionally protected and Guaranteed Fifth Amendment Civil Rights that entitles him to (A) exclude any and all government entities and persons from entering into and onto his privately owned property (B) Any entry by, or notification of, a forced entry by government, or the mandate that the property owner be forced by government or government laws to hire a third party to enter his privately owner arguably constitutes a regulatory taking per se, without just compensation, pursuant to the Case Precedent **_Cedar Point Nursery v. Hassid_**, 594 U.S. 139 (2021). This case was further adjudicated by the United States Supreme Court. The City of Berkeley nor the State of California has neither offered or paid a just compensation fee for this taking per se.

60.  Even for an area wide "safety" inspection, the state or local government entity or official is, nevertheless required to acquire an Administrative inspection warrant, signed by a judge after hearing all arguments for and against authorizing such a warrant. Any entry or notice of entry and/ or punishment for non-compliance of refusal of entry creates a 5th Amendment Regulatory Taking Per Se, as the Plaintiff/Property owner is left with little choice but to submit to the

16

authority of government, other than the daunting/ overwhelming physical and psychological burden and cost of filing a lawsuit to prevent entry.

61. The Plaintiff has "No Trespassing signs" on his privately owned property, including his curtilage.

62. The Plaintiff reiterates that the State of California and the City of Berkeley, knowingly, intentionally, illegally and unlawfully circumvented the Administrative Inspection Warrant required procedures by creating and enacting Senate Bill 721 AND the EEE Inspection Mandate, thereby disregarding Plaintiff's Fourth and Fifth Amendment Civil Rights and the United States Constitution.

63.  The Plaintiff, Andrew Marowitz, has suffered substantial emotional distress harm, upset, and loss of sleep as a direct result of the City of Berkeley's , and subsequently the State of California's Negligence and willful and callous disregard of Plaintiff's Constitutional Civil Rights

## FOURTH CLAIM FOR RELIEF

## VIOLATION AND DEPRIVATION OF CIVIL RIGHTS UNDER 42 U.S.C. 1983

## AS AND FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF PLAINTIFF'S FOURTEENTH AMENDMENT RIGHTS AGAINST A GOVERNMENT CREATING LAWS THAT CIRCUMVENT AND VIOLATE SUBSTANTIVE DUE PROCESS OF LAW AND A REQUIRED ADMINISTRATIVE INSPECTION WARRANT.

64.  The Plaintiff hereby incorporates prior paragraphs 1 through 63, as if stated here and now.

17

65. The Plaintiff alleges that the State of California Senate Bill 721 AND the City of Berkeley EEE Inspection Mandate BOTH violate the Fourteenth Amendment of the United State Constitution Substantively.

66. Plaintiff asserts that, through the Due Process Clause of the 14th Amendment, the Supreme Court's interpretation of the Fourth Amendment prevents state and local governments from entering non-emergency private property without either the owner's consent or an administrative inspection warrant.

67. Under the landmark Supreme Court ruling in *Camara v. Municipal Court*, administrative searches (such as routine housing, fire, or health code inspections) are significant intrusions upon Fourth Amendment privacy interests.

68. Again, the Plaintiff reiterates that the EEE Inspection Mandate and the State of California Senate Bill 721, BOTH knowingly, intentionally, and illegally enacted these laws and ordinances to circumvent the warrant requirements as delineated in the Fourth Amendment and the Supreme Court case precedent of Camara v Municipal Court.

69. Accordingly, BOTH the State of California and its legislators, and the City of Berkeley and its City Council circumvented Due Process, and deprived the Plaintiff of his Fourteenth Amendment Due Process Civil Rights , as protected and guaranteed under the United States Constitution. Accordingly, the Plaintiff Pro Per argues that these illegally created violations of the 14th Amendment, substantively, and must be deemed as Unenforceable and invalid/ illegal.

70. The Plaintiff, Andrew Marowitz, has suffered substantial emotional distress harm, upset, and loss of sleep as a direct result of the City of Berkeley's and the State of California's Negligence and willful and callous disregard of Plaintiff's

18

Constitutional Civil Rights. These government bullies, protected with qualified, municipal and legislative immunity, feel like they can get away with anything they want to impose on the citizens freedom from government, or lack thereof, and there from, disregard and strategically legislate by circumventing around the citizens and property owner's Constitutional and Civil Rights. And for the most part, they have been successful in diminishing those civil rights, which makes the Plaintiff's life as an individual disheartening and dispiriting and often unbearable. Who is protecting us from Government? Who is watching the watcher? More often than not, it is not our legislative representatives..

71. The Plaintiff prays the Court will consider the notion in taking a hard look at the judicial measure of a regulatory Taking. The measure has been a total loss of monetary value. Perhaps it is time to review and re-interpret that limited gage. If and when Plaintiff Pro Per was a landlord, receiving the money meant I was completely under the control of the government, tenants and the law. In this day, a landlord has few if any rights or protections.

72. Plaintiff Pro Per believes, has experienced submits and advocates that he has very little control of his privately owned property. Beyond putting my name on the deed, the government controls and taxes a property almost completely, whether zoning, building, rental, occupancy, and a long list of taxes, fees, parcel taxes, a long list of compliances. Because the Plaintiff owns real estate, the government has extensive control over the Plaintiff Pro Per, and can and does tax in countless ways.

## FIFTH CLAIM FOR RELIEF

## VIOLATION AND DEPRIVATION OF CIVIL RIGHTS UNDER 42 U.S.C. 1983

## AS AND FOR A FIFTH CAUSE OF ACTION FOR A VIOLATION OF PLAINTIFF'S FOURTEENTH AMENDMENT DUE PROCESS RIGHTS, PROCEDURALLY AGAINST THE DEFENDANT CITY OF BERKELEY AND IT'S CITY STAFF REFUSING OR FAILING IN CONDUCTING A FAIR AND IMPARTIAL HEARING AND HEARD BY A FAIR AND IMPARTIAL TRIER OF FACT.

73.   The Plaintiff hereby incorporates prior paragraphs 1 through 72, as if stated here and now.

74.  The Plaintiff alleges that the City of Berkeley, when conducting a Housing Commission Hearing, and the  processes of the EEE Appeal by City Council, Plaintiff observed City Staff engaging in/ taking numerous steps to unfairly and with partiality, tip the scales of Justice to favor the City of Berkeley , and effectively prejudice the Plaintiff. conducted thereby , arguably lacking the required FAIRNESS AND IMPARTIALITY as delineated in the Procedural Due Process clause of the Fourteenth Amendment of the United States Constitution.

75. At the Housing Advisory Commission hearing the president of the HAC is a known radical advocate of  tenants attorney and an anti landlord advocate. Plaintiff asked and demanded that this individual, Ms. Leah Simon-Weisburg  recuse herself as extremely BIASED. Ms. Weisburg refused to recuse herself, without any explanation.

76. Immediately thereafter, I asked the HAC if they could be Fair and Impartial, and not one of the HAC would respond to this significant question. Plaintiff interpreted said refusal to respond as a clear inference that the HAC was undeniably BIASED in favor of the City of Berkeley, and there from, prejudiced against the Plaintiff.

77. When the HAC was shaping its decision of denial, there were communications between the HAC director, the Deputy City Attorney, and the EEE Mandate coordinator, working under the Berkeley Building Official, behind closed doors.

78. When appealing to City Council, they gave no consideration to Plaintiff's arguments of Unconstitutionality, issues of a Fair and Impartial Hearing or Trier of Fact, or adequate Due Process ( 7 minutes for Plaintiff to speak, no cross examination of anyone). City Council asked no questions of the Plaintiff, and quickly denied the Plaintiff's appeal. Justice?

79. Plaintiff Pro Per is aware that his writing style is not typical attorney like style. Plaintiff is aware that he is appealing to the Court by using emotion and pleading for Court consideration, since the Court is the only authority that can address and over rule government. This is precisely why demands a jury trial, if this lawsuit gets that far. Plaintiff is powerless in this disheartening " scenario", regardless of intelligence, perceptiveness, and insight, and "self-taught" Pro Per prowess.. Plaintiff can only hope that this Court will apply a modicum of emotion to case precedence and law, as the Court decides this case.

## SIXTH CLAIM FOR RELIEF

## VIOLATION AND DEPRIVATION OF CIVIL RIGHTS UNDER 42 U.S.C. 1983

## AS AND FOR A SIXTH CAUSE OF ACTION FOR VIOLATION OF PLAINTIFF'S CIVIL RIGHTS UNDER 42 U.S.C. 1983, MUNICIPAL LIABILITY-MONELL

80. . The Plaintiff hereby incorporates prior paragraphs 1 through 79, as if stated here and now.

81. This cause of action arises under 42 U.S.C. § 1983, wherein Plaintiff seeks to

redress a deprivation under color of law of a right, privilege, or immunity secured to them by the First, Fourth, and Fourteenth Amendments to the United States Constitution, as well as the Unconstitutional Condition Doctrine.

82. Defendant City of Berkeley violated the Plaintiff's constitutional rights, as alleged supra, by creating and maintaining the following unconstitutional Ordinance and practices, inter alia:

(i). The Plaintiff alleges that The City of Berkeley enacted a de jure Ordinance that is Unconstitutional, commonly known as the Exterior Elevated Elements Ordinance and imposed its associated protocols and requirements for compliance..

(ii) The Plaintiff, Andrew Marowitz, alleges that a City of Berkeley staff person, Galadriel Burr, working under the authority of the Berkeley Building Official, Mr. Lopez, issued a notice of violation to Mr. Marowitz, stating that compliance is mandatory, and timelines must be adhered to, and that failure to comply would result in significant legal enforcement and financial penalties.

(iii) Mr. Marowitz alleges that the City of Berkeley, as a typical practice, does not test or examine the question of Constitutionality of local Ordinances, which can and does lead to imposing Unconstitutional legislation on the citizens, and then relying on the Berkeley City Attorney, who is to represent the City of Berkeley and its City staff in any and all legal disputes, and to impose legal dispute(s) on typically unknowing citizens, or property owners in this case, to win, no matter what.

(iv) In this case, Mr. Marowitz alleges that the EEE Mandate was created by City of Berkeley staff personnel, including the City Attorney to avoid Fourth Amendment Constitutional protections against unlawful searches of private

22

# PRAYER FOR RELIEF

1. THAT The Plaintiff Pro Per, Andrew Marowitz prays that the trier of fact decide in favor of the Plaintiff, and that he be declared the prevailing party, and that the Defendants, State of California, and the City of Berkeley, at state and local government entities, be declared the losing party, and the following decisions / orders/ accompany the decision:

2. THAT the State of California's Senate Bill 721 violates the Unconstitutional Condition Doctrine, and therefore shall result in the declaration that SB721 is unenforceable and void on its Face and As-Applied.

3. THAT the City of Berkeley's Exterior Elevated Elements Inspection Mandate violates the Unconstitutional Condition Doctrine, and therefore shall result in the Declaration that the EEE Inspection Mandate is unenforceable and void on its Face and As-Applied.

2. THAT The Senate Bill 721, has been determined to be in conflict with the 4th, 5th, and 14th Amendments of the United States Constitution, and therefore unenforceable and invalid. Accordingly, Senate Bill 721 is hereby declared null and void. Accordingly, the State of California shall remove the Senate Bill 721 from its legislative enactments, as existing legislation.

3. THAT The Exterior Elevated Elements Inspection Mandate has been determined to be in conflict with the 5th, 4th, and 14th Amendment of the United States Constitution, and therefore unenforceable and invalid. Accordingly, the Exterior Elevated Elements Inspection Mandate is hereby declared null and void.

24

property, without consent and/ or a required administrative inspection warrant, approved by a judge of proper jurisdiction, as required by C.C.P. 1822.50 et seq.

83. Defendant City of Berkeley's de jure Ordinance and protocols caused and were the moving force and/or affirmative link behind some or all of the violations of Mr. Marowitz' constitutional rights at issue in this case.

84. Mr. Marowitz is informed, believes, and thereupon alleges that these policies, practices, customs, and procedures are intentional and/or the result of deliberate indifference on the part of Defendant City of Berkeley, by and through its decision makers.

85. The foregoing unconstitutional customs and practices were a direct and legal cause of harm to Mr. Marowitz

86. Mr. Marowitz specifically alleges that Defendant City of Berkeley's EEE Ordinance and practices, as described herein, were within the control of Defendant City of Berkeley, and within the feasibility of Defendant City of Berkeley, to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Mr. Marowitz.

87. Mr. Marowitz alleges that the Defendant , State of California ,then enacted Senate Bill 721, effectively a copy cat version of the City of Berkeley's EEE Mandate, also exercised a callous indifference of violation of the Plaintiff's Constitutional Civil Rights and all other private property owners , by failing to question the Constitutional sufficiency of SB 721, unlawfully circumventing the Fourth Amendment, as well as its own State Laws C.C.P. 1822.50 et seq. that requires any search for health, safety, building, etc, to apply for an administrative inspection warrant.

Respectfully Submitted, Dated June 23th,2026 _____

ANDREW MAROWITZ , PLAINTIFF PRO PER

23

The EEE Inspection Mandate shall be removed from the City of Berkeley's Set of Ordinances and the Building and Housing Codes

4. THAT the trier of fact has been provided sufficient evidence and testimony that proves that the Plaintiff, Andrew Marowitz has been deprived of his Constitutional Civil Rights violated in a variety of ways.

5. THAT the wrongdoings of violations of Constitutional Civil Rights by the Defendants, State of California and the City of Berkeley have been determined to have violated "clearly established" Statutory and/ or Constitutional Rights. These government entities' conduct was outrageous and /or extreme in their willful effort to circumvent and avoid existing and longstanding U.S. Constitutional and State laws. Their conduct negligently and recklessly caused the Plaintiff substantial emotional harm and mental anguish. Therefore the State of California's and the City of Berkeley's Government Immunities, be they Municipal or Legislative Immunities are hereby declared as forfeited/ invalidated/ quashed. And as a result, these governmental entities are liable for damages and financial awards.

6. THAT the Plaintiff, Andrew Marowitz, was forced to pay $1000.00 for initiating his Appeal against the City of Berkeley's Housing Advisory Commission, the Berkeley Building Official, and the Berkeley City Council, making these same assertions and arguments; and that the Plaintiff be refunded that same $1000.00 for erroneous decision making by the City staff of the City of Berkeley.

7. THAT the trier of fact has been provided sufficient evidence and testimony that the Plaintiff, Andrew Marowitz has suffered mental anguish, substantial emotional distress, harm, upset, and loss of sleep, profound grief, a significant loss of enjoyment,quality, and value of life; that disrupts daily living such that he shall be

25

awarded damages in an amount that compensates the Plaintiff reasonably, for his mental and emotional suffering. That damage award shall be $ _____.

Respectfully Submitted, Dated June 23ʳᵈ,2026 _____

ANDREW MARKWITZ, PLANTIFF PRO POR