UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW MAROWITZ,<br>Plaintiff,<br>v.<br>CITY OF BERKELEY, et al.,<br>Defendants. | Case No. 26-cv-06283-RFL<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 12 |

Plaintiff Andrew Marowitz's Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. No. 12) is **DENIED**.

"[I]njunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a temporary restraining order "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. However, if a plaintiff can show the balance of hardships "tips sharply in the plaintiff's favor," and that the irreparable harm and public interest factors are satisfied, then a court may grant interim relief upon a showing of "serious questions going to the merits." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (citation omitted). The standard for issuing a temporary restraining order is substantially identical to the standard for issuing a preliminary injunction. *See Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017).

Marowitz has not shown that he is likely to suffer irreparable harm in the absence of

injunctive relief. Marowitz argues that he has been charged a $500 fee for failing to comply with Berkeley's Exterior Elevated Elements Inspection Mandate, and that he will continue to be charged fees for the duration of his noncompliance. (*See* Dkt. No. 12 at 5, 15.) But "monetary injury is not normally considered irreparable." *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980). If these fees are ultimately found to have been wrongfully assessed, Marowitz can be fairly compensated through money damages. *See Sampson v. Murray*, 415 U.S. 61, 90 (1974) ("Mere injuries, however substantial, in terms of money, time and energy necessarily expended are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."). Marowitz also argues that Defendants may eventually try to foreclose on his property, but at this juncture, that argument is entirely speculative. (*See* Dkt. No. 12 at 17 ("I believe that the E3 Department will certainly take action to place a lien on my property, and when not paid in full within the necessary time period, will initiate a foreclosure action against my property.").) Speculative injuries are also insufficient to show irreparable harm. *See Colorado River Indian Tribes v. Town of Parker*, 776 F.2d 846, 849 (9th Cir. 1985) ("We have long since determined that speculative injury does not constitute irreparable injury.").

Because Marowitz has only shown that he may face monetary and speculative injuries, he has not shown irreparable harm and thus has not shown that injunctive relief is warranted at this time. The Motion for Temporary Restraining Order and Preliminary Injunction is **DENIED**.

Finally, Marowitz is not represented by a lawyer in this case. The remainder of this Order advises Marowitz of the free legal resources available to a self-represented litigant and of the rules of court, which apply to all litigants, including those proceeding without an attorney.

**RESOURCES AVAILABLE**

- ***District Court Website:*** The District Court website (https://www.cand.uscourts.gov/pro-se-litigants/) has information on representing yourself, including basic information on filing, definitions of common legal terms, and templates for use in civil cases.

- ***Pro Se Handbook:*** The District Court has produced a guide for pro se litigants called Representing Yourself in Federal Court, which provides instructions on how to proceed at every stage of the case, including discovery, motions, and trial. It is available electronically online (https://cand.uscourts.gov/representing-yourself/pro-se-handbook) or you may pick a hard copy free of charge from the Clerk's Office.
- ***Legal Help Center:*** You may make an appointment to speak with an attorney who may be able to provide basic legal assistance, but not representation, by reaching out to the Legal Help Center. You may either call (415) 782-8982 or email fedpro@sfbar.org. This service is provided free of charge by the Bar Association of San Francisco.

**RULES OF THE COURT**

Below are some of the basic rules of which you should be aware. This list is not exhaustive, and you should refer to the Pro Se Handbook for additional rules of court and further explanations of the below rules.

- ***Federal Rules of Civil Procedure:*** These rules, which are available for free online (https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure), govern civil proceedings in all U.S. District Courts.
- ***Civil Local Rules:*** In addition to the Federal Rules of Civil Procedure, this District Court has its own set of Civil Local Rules that must be followed. They are available for free online at http://cand.uscourts.gov/localrules/civil.
- ***Standing Orders:*** Judge Lin has a set of standing orders which must be followed as well. They are available for free online at https://www.cand.uscourts.gov/judges/lin-rita-f-rfl/. The Civil Standing Orders, which apply to this case, are available at https://cand.uscourts.gov/sites/default/files/standing-orders/RFL-Civil-Standing-Order-11-05-2025.pdf. If this case proceeds to trial, the Civil Trial Standing Orders will also apply.
- ***Electronic Filing:*** Electronic filing ("e-filing") allows parties to file documents online instead of submitting hard copies to the Clerk's Office. Parties representing themselves

are not required to use e-filing but may choose to do so. There are no registration costs and no fees for e-filing, but you must obtain court approval first. For more information and to request approval, visit https://www.cand.uscourts.gov/e-file/.

**IT IS SO ORDERED.**

Dated: August 31, 2026

RITA F. LIN
United States District Judge